ALLAN R. HUETH, PLAINTIFF, v. FLORENCE STEVENSON
ET AL., DEFENDANTS.

Submitted March 20, 1924—Decided May 28, 1924.

A provision in a brokerage contract for the sale of land, that in case the broker shall procure a purchaser for the property the owner "will allow you the legal rate of commission," will not support an action brought by the broker to recover such commission. The tenth section of the statute of frauds bars such an action unless the rate of commission on the dollar is stated in the contract.

---

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Andrew J. Whinery.*

*Contra, Benjamin B. Smith* and *Stokes & McDermott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, a real estate broker carrying on business in Asbury Park, brought suit to recover commissions to which he claimed to be entitled under a written contract with the plaintiff, by the terms of which he was employed to procure a purchaser for property owned by Mrs. Stevenson, in Asbury Park, the contract expressly providing that, in case he procured such purchaser, the defendants "will allow you the legal rate of commission." The property, which was the subject-matter of the contract, was afterwards sold to a Mrs. Hatfield, and the plaintiff claimed to have been the producing cause of that sale, and that, consequently, he was entitled to commissions at the rate which generally governed in transactions of this kind in Asbury Park. The purchase price paid by Mrs. Hatfield was $12,000. The jury, after a hearing of the testimony, and in accordance with the instructions of the trial court with relation to the legal principles involved in the case, awarded the plaintiff $600, which amount was five per cent. of the sale price.

We think this verdict cannot be sustained. The tenth section of our statute of frauds provides that "no broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commission for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing, and signed by the owner or his authorized agent   *   *   *   and the rate of commission on the dollar shall have been stated therein." *Comp. Stat., first Supp., p.* 747. The language of the statute is perfectly clear, and, by force of it, a broker selling land for his principal is not entitled to a commission unless "the rate of commission on the dollar" is stated in the writing. Manifestly, no such rate appears in the contract now under consideration, for the statute does not attempt to fix any rate, leaving that matter to be determined solely by the parties to the contract. Upon this ground the defendants moved for a nonsuit. This motion was refused, and the trial court permitted the plaintiff to supplement his case by putting in evi-

dence the rate of commissions generally prevailing in Asbury Park for a broker's services under similar conditions. This testimony, of course, was quite immaterial, for the statute cannot be nullified by any such method. The duty of the court, where the language of a statute is too plain to require construction, is to enforce that statute as it is written.

The motion to nonsuit should have been granted, and for the refusal to allow it the rule to show cause will be made absolute.