## TENNANT et ux. v. BURATTI & MONTANDON.
### No. 9743.

Court of Civil Appeals of Texas. Austin.

Nov. 10, 1948.

Rehearing Denied Nov. 24, 1948.

Blair, Kendall & Randle, of Austin, for appellants.

Jesse J. Bartlett, of Austin, for appellee.

HUGHES, Justice.

This is a real estate commission suit. Chester Buratti and Harry Montandon, the agents, are appellees and Roy I. Tennant and wife, the sellers, are appellants.

The only question presented concerns the sufficiency of the writing declared upon in view of Sec. 22 Art. 6573a, VACS, which, in part, provides:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized."

Appellees contend that the requirements of this statute are satisfied by certain provisions of the contract of sale entered into between the seller and purchaser. This contract was made upon a "Texas Standard Form—Contract of Sale and Receipt of Earnest Money." It describes the property and states the terms and conditions of the sale, including the following provision:

"Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposit as liquidated damages for the breach of this contract and shall pay to Agent therefrom the usual commission, or, Seller may

enforce specific performance of this contract."

The contract does not otherwise refer to the payment of a broker's commission.

The commission sued for is $287.50; the earnest money deposited under the contract was $275.

Purchaser did not "fail to consummate this contract." The sale was completed.

Spires v. Mann, Tex.Civ.App., Eastland, 173 S.W.2d 200, 205 (writ ref.), is cited by appellees as controlling. In that case the contract provided:

" 'Should the purchaser fail to consummate this contract as specified for any reason, except title defects, seller shall have the right to retain said cash deposits as liquidated damages for the breach of this contract and shall pay to agent therefrom the sum of 50¢ per acre, or seller may enforce specific performance of this contract.' "

There, just as here, the sale was consummated. The court sustained the right of the agent to recover, concluding:

" * * * that the above special provision that the agent's commission be paid in one contingency out of the forfeit fund, in event such occurred, does not establish or indicate that no commission should be paid for the valuable services which resulted in a consummated deal. The obligation to pay the 50¢ per acre under the latter circumstances clearly appears, from the contract and it is not susceptible to an interpretation, so contrary to human experience, which would compensate appellees in event of an unsuccessful deal and pay them nothing in case of a consummated or successful deal."

This holding by the Eastland Court of Civil Appeals was not necessary to a decision of that case, because (a) an oral listing and commission agreement had been made and negotiations with the purchaser commenced before the effective date of Sec. 22, Art. 6573a; and (b) the pleadings and evidence were sufficient to show that the agreement to pay a commission in the event of a sale of the lands was omitted from the contract by mutual mistake of the parties.

Under (a), above, the suit was not affected by Sec. 22 of Art. 6573a. Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320. (Decided the same day that writ of error was refused in the Spires case).

In our opinion the decision in the Spires case is unsound, in so far as it interpreted the written contract involved there (unaided by provisions omitted by mutual mistake) as providing for the payment of a commission to the agent by the seller in any event other than as stated in the contract.

■■■ The rules and principles which we consider applicable are:

"It is quite elementary that an instrument payable upon a condition which does not import an absolute liability is not payable until that condition has happened." Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894, 900.

"It has been ruled in this state that where a promise is conditioned upon the happening of a future event as a rule a condition precedent must be exactly performed or fulfilled before the promise can be enforced." Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W.2d 1065, 1068.

Where conditions in a contract are plainly expressed they "exclude contra-implications." Joseph v. Bostick, Tex.Com.App. 276 S.W. 672, 676.

"It is equally well settled that, where the language is plain and unambiguous, courts must enforce the contract as made by the parties, and cannot make a new contract for them, nor change that which they have made under the guise of construction. As parties bind themselves, so they must be held to be bound." East Texas Fire Insurance Company v. Kempner, 87 Tex. 229, 27 S.W. 122, 47 Am.St. Rep. 99.

" * * * where the meaning of a contract is plain, another meaning cannot be added by implication or intendment." Pierce-Fordyce Oil Ass'n v. Warner Drilling Co., Tex.Civ.App., Ft. Worth, 187 S.W. 516, 517, quoting 6 Ruling Case Law, p. 841.

The provision of the contract under consideration is plain and intelligible. We are not authorized to rewrite this provision and incorporate conditions and agreements that are not found in it.

We find no provision in the contract obligating seller to pay a broker's commission except upon a condition which did not occur. There is ample, but disputed, parol evidence to support the jury's finding that appellants agreed to pay appellees a 5% commission for the sale of the property, but this agreement is unenforceable under Sec. 22, Art. 6573a, supra.

Appellants' defense, on the merits, was that the price put on their property was a net price, exclusive of the agents' commission. It is not at all unusual for the buyer to pay the commission, and if such had been the case here the provision of the contract under discussion would have afforded the buyer some protection against the possible loss of both the earnest money and the commission.

We cannot agree with the Eastland Court of Civil Appeals that such a contract is in all cases "contrary to human experience."

The record before us illustrates the type of litigation and controversy which Sec. 22, Art. 6573a, was intended to eliminate. It is our duty to enforce the statute and accordingly the judgment of the trial court is reversed and judgment is here rendered that appellees take nothing by their suit.

Reversed and rendered.