BURATTI AND MONTANDON v. ROY I. TENNANT ET UX.

No. A-1997. Decided March 31, 1949.
(218 S. W., 2d Series, 842.)

*Jesse J. Bartlett* and *Alfred M. Scott,* both of Austin, for petitioners.

The Court of Civil Appeals erred in holding that the real estate sale contract offered in evidence was not in law sufficient to satisfy the requirements of section 22 of Article 6573a, for a written contract or memorandum thereof signed by the person to be charged herein. Kittrell v. Barbee, 198 S.W. (2d) 155, error dismissed; Farmers State Bank v. Gorman Home Refinery, 3 S. W. (2d) 65; Dickson v. Kelley, 193 S. W. (2d) 256.

*Blair, Kendall & Randle* and *Gaynor Kendall,* all of Austin, for respondents.

The alleged agreement or promise to pay the commission claimed by petitioners, nor any memorandum thereof, is in writing as required by Article 6573a, Vernon's Civil Statute. Hancock v. Sosbee, 183 S. W. (2d) 284, writ refused; Volkmann v. Wortham, 189 S. W. (2d) 776; Osborne v. Moore, 112 Texas 361, 247 S. W. 498.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

■ In the county court at law of Travis County petitioners recovered judgment against respondents in the amount of $287.50 as a real estate commission. The case involves the construction of Article 6573a, Section 22, Vernon's Texas Civil Statutes, and upon that ground this court's jurisdiction attaches under Article 1821, Vernon's Texas Civil Statutes, notwithstanding the case originated in the county court. The article under construction reads in part as follows:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized."

The contract upon which petitioners base their suit was entered into between the sellers, respondents, and the purchaser. The only provision with respect to the payment of a broker's commission is as follows:

"Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have

the right to retain said cash deposit as liquidated damages for the breach of this contract and shall pay to Agent therefrom the usual commission, or Seller may enforce specific performance of this contract."

In the trial court judgment was rendered for petitioners on findings by the jury that petitioner Montandon was acting as a duly authorized agent of respondents in the sale of the property; that respondents agreed to pay Montandon as their agent a 5 per cent. commission upon the sale price thereof; and that respondents agreed to pay Montandon "the usual commission in Austin, Travis County, Texas." These findings by the jury were bases upon parol testimony introduced upon the trial. The court of civil appeals held that testimony was inadmissible to establish that respondents agreed orally to pay petitioners a 5 per cent. commission for consummating a sale of the property. 215 S. W. (2d) 201. We are in agreement with this construction of the statute.

■ The long-standing rule in this court is that the essential elements of a contract required to be in writing may never be supplied by parol. Jones v. Carver, 59 Texas 293; Osborne v. Moore, 112 Texas 361, 247 S. W. 498; Wilson v. Fisher, 144 Texas 53, 188 S. W. (2d) 150. A contrary rule would practically set at naugh the statute of frauds. Discussing the particular statute under review here we stated in Denman v. Hall, 144 Texas 633, 193 S. W. (2d) 515, 516, that "Its purpose, like that of other sections of the Statute of Frauds, is to prevent fraud arising from parol testimony as to the terms and conditions of such contracts." That purpose could not be served if evidence were admitted to establish that respondents agreed orally to pay petitioners a commission for affecting a consummated sale.

Spires v. Mann, 173 S. W. (2d) 200, writ refused, is relied upon by petitioners as an authority supporting the judgment of the trial court. The particular provision of the contract in that case with respect to the payment of a commission was similar to the provision of the contract in the instant case. It was:

"Should the purchaser fail to consummate this contract as specified for any reason, except title defects, seller shall have the right to retain said cash deposits as liquidated damages for breach of this contract and shall pay to agent therefrom the sum of 50c per acre, or seller may enforce specific performance of this contract."

What the court held in the Spires-Mann case with respect to the covenant to pay a commission in the event of a consummated sale was not that parol evidence was admissible to prove such a covenant, but that the contract, when construed as a whole, contained that covenant by implication. Then applying the rule that implied covenants are as much a part of an instrument as if expressly stated therein, the court upheld the right of the agent to recover a commission. The court of civil appeals in the instant case did not agree with the holding in the Spires-Mann case that the contract evidence an implied covenant to pay a commission for a consummated sale. We could not resolve that conflict without having before us full copies of the contracts in both cases. But it is not important that we do so because the controlling question for decision is, how much commission, if any, did the sellers impliedly obligate themselves to pay?

The two contracts contain materially different provisions with respect to the methods for ascertaining the amount of the commission to be paid. In the Spires-Mann case the amount of the commission was clearly stated and could be definitely ascertained without resort to any character of parol testimony. The contract stated the number of acres of land to be conveyed and provided that the commission should be 50c per acre; whereas, in the case under review no definite amount of commission was stated, but it was provided only that it should be "the usual commission."

■ Over the objections of respondents, petitioners were permitted to introduce evidence as to "the usual commission in Austin, Travis County, Texas." The testimony of petitioners' witnesses did not reveal that any fixed or definite rules had been promulgated or published to guide in determining what commissions should be charged. Petitioners' witnesses testified that when the value of the property is less than $25,000.00, the usual commission is 5 per cent. of the sale price, that the amount to be paid in any case is determined by the agreement of the parties, as is also the question as to which party pays the commission. That evidence was inadmissible under the rule above noted.

A case in point by this court is City of Abilene v. Sayles (Com. App.), 295 S. W. 578. In that case Sayles sued the City of Abilene for specific performance of a contract to convey real estate. One boundary of the land was described in the contract in the following language: "and situated above the water level of the proposed maximum capacity of Lake Alibene, and

the said city reserves from all of the hereinafter named lands a strip of land 100 feet wide around the water level at maximum capacity of said lake, and it is understood and agreed that all the intervening spaces between the water level of said Lake Abilene and the lands hereby sold shall be used for roadway purposes only." Upon the trial it was sought to introduce parol evidence to show what was meant by "proposed maximum capacity." In passing upon that question this court, through its commission, wrote:

"We think, in line with the aforesaid authorities by our court, that the Court of Civil Appeals in the case at bar is correct in stating that parol evidence is not admissible to show what was meant by the words 'proposed maximum capacity.' As stated by counsel for the city, the opening up of parol testimony of that character might develop conflicts in the testimony. And it certainly might add, by parol, to the original intention as included in the written contract. It is well settled that you cannot add such parol intentions. You could only explain ambiguties. Consequently we do not think this clause should be affected, one way or the other, by parol testimony of the parties."

However, the court in that case held the description was sufficient to support an action for specific performance, the ground being that the proposed maximum capacity of Lake Abilene was shown by a written application and accompanying map filed by the city with the State Board of Water Engineers as required by law. The papers when filed became public documents. Therefore, the meaning of "proposed maximum capacity of Lake Abilene" was a question of law which was read into the contract. The court held in that case that the intention of the parties in using the phrase, "proposed maximum capacity," could not be established by parol evidence, but that the contract itself was sufficient, as a matter of law, to comply with the statute of frauds, since the meaning of that phrase was made certain by written documents of record.

The courts in other jurisdictions which have extended their statutes of frauds so as to encompass suits by agents to recover commissions for the sale of real estate have decided the question as to whether or not the amount of commission may be proved by parol. In Zimmerman v. Zehender, 164 Ind. 466, 73 N. E. 920, the Supreme Court of Indiana construed a contract which stated the amount of the commission as "the amount that has been and is now understood." The Indiana statute with respect to commissions for real estate agents is, in effect, the

same as ours. The holding was that the contract was an insufficient memorandum to comply with the statute. In discussing the question the court observed:

"The important feature—the amount of commission to be paid—is to be ascertained by parol testimony in regard to an understanding which may prove to be a misunderstanding, the exact thing which the statute was designed to prevent."

In Forland v. Boyum, 53 Wash. 421, 102 Pac. 34, the Supreme Court of Washington construed a contract of sale strikingly like the one under review here, in which the commission to be paid to the agents out of the earnest money was expressed in this language, "to the extent of their agreed-upon commission." That court held the memorandum insufficient. Other decisions of the same general import are as follows: Jacobs v. Joseph E. Copp Co., 123 Ohio St. 146, 174 N. E. 353; Oregon Home Builders v. Crowley, 87 Or. 517, 170 Pac. 718, 171 Pac. 214; Danielson v. Goebel, 71 Neb. 300, 98 N. W. 819; Hueth v. Stevenson, 100 N. J. L. 1, 124 Atl. 773.

Our conclusion is that the writing in the instant case is insufficient to comply with Article 6573a, Section 22, Vernon's Civil Statutes. The judgment of the court of civil appeals is accordingly affirmed.

Opinion delivered March 23, 1949.

No motion for rehearing filed.