## LAWSON v. HOLLOMAN.

### No. 12269.

Court of Civil Appeals of Texas.
San Antonio.

April 11, 1951.

Rehearing Denied May 9, 1951.

L. D. Hill, San Antonio, for appellant.

Forrest A. Bennett, John M. Gilliland, San Antonio, for appellee.

NORVELL, Justice.

This is an action to recover a real estate dealer's commission. The controlling question is whether or not the listing contract made' the basis of the suit meets the requirements of Article 6573a, § 22, Vernon's Ann.Civ.St.

The appellant, J. J. Lawson, listed improved residential property with appellee by means of a written instrument which contained the following clause: "In the event of a sale or exchange of said property resulting from this listing I/we agree to pay the Realtor herein the regular fee prescribed in the current commission schedule of the San Antonio Real Estate Board, Inc."

Appellant thereafter signed an earnest money contract with Leo B. Fonarow agreeing to sell the property for $20,000, but thereafter refused to go through with the deal and pay Mrs. Holloman a commission as agent.

It was stipulated that Edwin J. Voltin was the Executive Secretary of the San Antonio Real Estate Board, and that if present he would testify that the Real Estate Board passed and adopted a schedule of fees to be charged by its members. This schedule was printed in the form of a booklet and contained the following provision: "The commission on sales of improved residential or business property or vacant lots shall not be less than 5% of the gross selling price. Minimum commission $50.00."

In connection with the stipulation above mentioned, appellant's attorney objected to its admission in evidence for the reason that the Real Estate Board was a corporation and the board minutes would be the best evidence of the schedule.

■ This is not a suit to hold the San Antonio Real Estate Board upon some contract alleged to have been entered into by its directors or officers, and we think the secretary was competent to testify that the printed instrument offered in evidence was the schedule of fees of the San Antonio Real Estate Board.

■ The listing agreement, an instrument in writing, refers to a printed document, i. e., the schedule of fees of the San Antonio Real Estate Board. The contract met the requirements of Article 6573a, § 22. Joplin v. Nystel, Tex.Civ.App., 212 S.W.2d 869; Kerby v. Collin County, Tex.Civ.App., 212 S.W.2d 494, 3 A.L.R.2d 804; Peacock v. Harrison, Tex.Civ.App., 189 S.W.2d 500; 20 Tex.Jur. 308, Statute of Frauds, § 100; 17 Corpus Juris Secundum, Contracts, § 299, page 716.

This case differs from that of Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742, in which the clause for the real estate dealers' compensation provided only that the agent should be paid "the usual commission".

Appellee cites Stockberger v. Zane, 73 Ind.App. 4, 125 N.E. 65. This case is in point and supports her position. The contract involved provided that the real estate broker should be paid, "the regular fixed commission as adopted by the Ft. Wayne Real Estate Exchange." This was "a minimum commission of five ($5.00) dollars per acre for handling farm lands, and 5 per cent of the sale price wherever the ground sold for more than $100.00 per acre".

The Indiana Court held that the reference to the rate of commission fixed by the Board was sufficient under the Indiana statute, which, as pointed out in Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, "with respect to commissions for real estate agents is, in effect, the same as ours."

Appellant's points Nos. 1 to 5, inclusive, are overruled.

Appellant's sixth and last point relates to the allowance of attorney's fees and reads as follows: "The Appellee having alleged generally a demand for payment with refusal to pay without alleging the expiration of thirty days from presentment to the date of the filing of suit, and the Appellant having plead that Appellee was not entitled to recover attorney's fee under the allegation made a basis of suit, the Court committed error in awarding $300.00 attorney's fees under Article 2226 of the Revised Statutes [Vernon's Ann.Civ.St. art. 2226]."

This point raised relates only to the sufficiency of the pleading.

Appellee's petition, while stating that a demand for payment of a commission had been made, contained no allegation that such demand had been made thirty days prior to the institution of the suit. Appellant filed an answer consisting of four paragraphs. The first three contain certain admissions and denials, while the fourth reads as follows:

"4. Plaintiff (sic) further says that plaintiff is not entitled to recover attorney's fees under the allegations made the basis of her suit."

■ This paragraph seems to be a general demurrer attacking the sufficiency of the pleadings to support a recovery of attorney's fees. It wholly fails to specify wherein the pleading is defective. The use of the general demurrer was abolished by Rule 90, of the 1941 Texas Rules of Civil Procedure, which requires that objections to pleading be made certain and definite. Appellant's objection to appellee's pleading does not meet the requirements of the rule. The case of Burlington-Rock Island R. Co. v. McCartney, Tex.Civ.App., 54 S.W.2d 837, was decided upon a matter of fundamental error prior to the adoption of the Rules of Civil Procedure. For a discussion of the matter of fundamental error under the 1941 rules, see Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

None of appellant's points discloses a reversible error and the judgment appealed from is accordingly affirmed.