## CHESHIER v. TIDWELL.
### No. 3106.

Court of Civil Appeals of Texas. Waco.
July 22, 1953.

Rehearing Denied Sept. 11, 1953.

Hassell and Hassell, Dallas, for appellant.

Lynn B. Griffith, Waxahachie, for appellee.

TIREY, Justice.

The action was instituted by appellant to recover from appellee five per cent real estate broker's commission for the sale of the farm belonging to appellee. The cause was tried without the aid of a jury and appellant was denied relief. At his request the court filed findings of fact and conclusions of law, and we quote the pertinent parts:

"1. On November 9, 1949, the defendant John D. Tidwell signed the contract in evidence for the sale of approximately 154.63 acres of land, of which he was the owner.

"2. At the time of such signing by the defendant, which came about under the circumstances hereinafter mentioned, the plaintiff was a building contractor and also a real estate broker, duly licensed as such.

"3. The defendant signed said contract, which was prepared by the plaintiff or under his supervision, on the roadside of his farm where it was presented to him by the plaintiff's agent. The defendant signed the same upon the representation and agreement that the sale and complete transaction would be fully completed within ninety (90) days, upon which said representation by the plaintiff and his agent he relied at the time of signing, and he would not have agreed to said contract or have signed same if he had not believed and relied upon such agreement and representation. Relying and acting upon said agreement and representation aforesaid, the defendant signed said contract without reading it.

"4. After the plaintiff secured the defendant's signature to said contract, he

thereafter had no more to do with the transaction or sale in question; and the same was subsequently wound up and concluded during the latter part of 1950 in this fashion:

"The defendant, joined by his wife, conveyed the land to the Veterans' Land Board of the State of Texas by two separate deeds and the said Veterans' Land Board thereafter conveyed the same land by two separate deeds to Harold E. Redden and Newton D. Allen; reserving in effect in each conveyance a purchase money lien in favor of the said Land Board, the defendant receiving from the Land Board the total consideration of $12,750.00, which was the amount provided for in said contract of November 9, 1949.

"5. The land in question had not been previously listed with the plaintiff by the defendant, prior to said contract, and the only description given of the land in question in the contract relied on and sued on by the plaintiff is and was as follows:

"The following described property: lying and situated in the County of Ellis, State of Texas,

"Being approximately 154.63 acres of land in Ellis County, Texas, in two tracts, being out of the Benjamin Monroe Survey, W. J. Ely Survey, F. E. Witherspoon Survey.

"6. Said contract further provided: 'This contract is subject to purchasers obtaining a State Veterans' loan on the property,' and that 'Agent is to receive the sum of 5% commission.'

"7. No evidence was introduced by the plaintiff showing any amount as to 'a reasonable attorney's fee,' as prayed for by him in his petition, although I do find that the amount prayed for in the sum of $150.00 otherwise would be a reasonable and moderate sum for the able services rendered by his attorneys.

"Conclusions of Law.

"1. I conclude that the law is with the defendant.

"2. I conclude in particular that the plaintiff cannot recover anything herein, for the reason that the contract sued on by him does not sufficiently describe the property in question under section 22, article 6573A, of the real estate broker's law and that said suit is barred by said article and also article 3995 of the Revised Civil Statutes of Texas in regard to the statute of frauds.

"3. I conclude also that said contract, by virtue of said articles aforesaid, was not a binding or enforceable one.

"4. I further conclude that the plaintiff cannot recover an attorney's fee in this cause, since he did not prove any, and because also such fee is not legally recoverable in this type of an action sounding, as it seems to sound, in contract."

Appellant assails the judgment rendered against him on seven points. They are substantially: (1, 3 and 4) in permitting defendant to introduce evidence to the effect that the contract sued upon was supposed to contain a provision that the transfer of the property would be fully completed within ninety days and such evidence contradicted the terms of the written contract sued upon, and because time was not of the essence of said contract, and since defendant sold the land to the purchaser produced by appellant, appellant waived such provision, if there was any; (2) in permitting defendant to introduce evidence to the effect that appellant was to assist in the procurement of a State Veterans' Land Board loan, because such evidence varied and contradicted the terms of the written contract; (5, 6 and 7) in holding that the contract came within the provisions of the statutes of fraud and was unenforceable because of insufficient description of the property in the sales contract, and because a vendor cannot set up such a defense against his broker agent, and since appellant fully performed the terms and conditions of the contract and defendant accepted same, the full performance removed the contract from the statutes of fraud.

A statement is necessary: On the 9th day of November, 1949, John D. Tidwell and wife, in the capacity as seller, executed the following contract with H. E. Redden and M. D. Allen, who were designated as purchaser. We quote the pertinent parts:

"John D. Tidwell and wife, Corean Tidwell, hereinafter called seller, acting through the undersigned and duly authorized Agent, hereby sells and agrees to convey unto H. E. Redden and M. D. Allen, hereinafter called purchaser, the following described property lying and situated in the County of Ellis, State of Texas,

"Being approximately 154.63 acres of land in Ellis County, Texas, in two tracts, being out of the Benjamin Monroe Survey, W. J. Ely Survey, F. E. Witherspoon Survey.

"The purchase price is $12,750.00, payable as follows: $      all cash (of which purchaser has deposited with the undersigned Agent $      as part payment, receipt of which is hereby acknowledged by said Agent);

"This contract is subject to purchasers obtaining a State Veterans' loan on the property.

"The said executed note to be secured by vendor's lien and deed of trust with power of sale and with the usual covenants as to taxes, insurance, and default.

"Seller agrees to furnish Title Policy by Security Title Company to said property, which shall be conveyed free and clear of any and all encumbrances except those named herein.

"Agent is to receive the sum of 5% commission."

Thereafter, on the 9th of September, 1950, Tidwell and his wife executed warranty deed to the Veterans' Land Board of the State of Texas, in which deed they recited a cash consideration of $6,375, which deed described 57⁷⁴⁄₁₀₀ acres of land by metes and bounds. On September 12, 1950, Tidwell and wife executed a warranty deed to the Veterans' Land Board of the State of Texas, which deed recited a cash consideration of $6,375, and conveyed by metes and bounds 96.89 acres of land. Appellee refused to pay the commission, hence this suit.

We are in accord with Conclusion of Law No. 4 of the trial court to the effect that plaintiff was not entitled to recover attorney's fees. We are not in accord with Conclusions of Law Nos. 1 (except as hereinabove stated as to Conclusion No. 4), 2 and 3 for the reasons hereinafter briefly noted.

■ First of all, our view is that the description of the real estate in the contract is sufficient. Our Supreme Court in Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380, 383, made this statement of the rule: "* * * it is a general rule of law that where the description specifies a property intended to be conveyed, and the instrument furnishes other sufficient means of determining the particular property covered thereby, the description is legally sufficient." The description in the contract is: "Lying and situated in the County of Ellis, State of Texas, being approximately 154.63 acres of land in Ellis County, Texas, in two tracts, being out of the Benjamin Monroe Survey, W. J. Ely Survey, F. E. Witherspoon Survey." Under the record here made, the seller and the purchaser had no trouble in finding the land described in the contract and there is no evidence that the land described in the contract was not the same land that was finally conveyed by the seller to the purchaser. The Supreme Court in the recent opinion of Hoover v. Wukasch, 254 S.W.2d 507, expressed the rule in this way: Does the record furnish within itself or by reference to some other existing writing the means or data by which the tract referred to in the contract agreement of sale can be identified with reasonable certainty? We think it does. This court had occasion to review cases relating to description in the case of Kuklies v. Reinert, 256 S.W.2d 435, and the cases there cited and reviewed in the majority opinion, we believe, are controlling and applicable here. This record is without dispute that the seller and the purchaser knew the lands to be conveyed and no controversy arose between them to the effect that the land described in the contract of sale was not the same land described in the deeds.

■ At the time the contract of sale and purchase was executed, the appellee was in possession of the property and he remained in possession thereof, enjoying the rents and revenues thereof, until the conveyance

was completed. Since the seller and the purchaser had no difficulty in determining the land to be conveyed and since it was conveyed according to the contract through the Veterans' Land Board and thence to the purchaser, it is obvious that such writing is sufficient to make it comply with the Statutes of Fraud. See Hoover v. Wukasch, supra. And since the contract to convey was in writing and the commission to be paid was specified therein it is obvious that the contract complies with what is generally termed "The Real Estate Dealers License Law", Title 113A, Art. 6573a, sec. 22, Vernon's Ann.Civ.Stats.

We have carefully considered the opinion of our Supreme Court in Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742, and we see nothing in that opinion that is in conflict with the principle announced by our Supreme Court in the other cases heretofore cited. It is our view that the factual situation at bar clearly distinguishes the rule announced in the Buratti case from the rule here applied.

Since this contract provided, among other things, that this sale was to be completed through the State Veterans' Land Board, and since the seller received the purchase price of $12,750 called for in the contract, and since the evidence showed that the Veterans' Land Board conveyed the property to the purchasers, M. D. Allen and H. E. Redden, we think that the finding No. 3 by the court, which was to the effect that the contract was to be performed within ninety days, becomes immaterial and passes out of the case.

In 10 Tex.Jur. 428, sec. 426, we find this statement of the rule as to acts constituting waiver: "A waiver may be expressed or implied. Failure to perform within the time prescribed is waived by treating the contract as being in full force after the time has expired, or by accepting performance after such time, or by acts and conduct leading the opposite party to believe that performance within the time prescribed will not be insisted upon." See cases there cited. See also Slimp v. Wise County, Tex.Civ.App., 96 S.W.2d 537.

We have read Art. 5421m, § 1 et seq., Vernon's Ann.Civ.Stats., which Act the Legislature passed to comply with the Amendment to Article 3 of our Constitution, Vernon's Ann.St., relating to veterans' land matters, and since the veteran purchasing the property would have to comply with this Act in order to get the money with which to pay for the land, it is obvious that the completion of the sale would necessarily depend upon the time necessary for the veteran to comply with the regulations of the Veterans' Land Board pursuant to the terms of the statute controlling same and abide the time when the funds were available to the Board to complete the transaction, and so long as the seller was willing to abide his time and consummate the sale, he cannot escape the liability of paying the commission provided for in the contract. The record here discloses that the seller was willing to abide his time and remain in possession of the property and enjoy the fruits of his land until he parted with title to the Veterans' Land Board, as provided by the terms of the contract. Our view is that he is legally bound to pay the commission provided in the contract. Being of this view, all other questions become immaterial and pass out of the case.

It follows that that part of the judgment entered by the trial court denying attorney's fees is in all things affirmed. That part of the judgment denying recovery to appellant of the five per cent commission of the purchase price provided for in the sales contract is hereby reversed and judgment is here rendered that the appellant recover judgment against appellee for the sum of $637.50. Since the judgment was rendered in the trial court on January 5, 1953, and since appellant should have recovered judgment on that date for the sum of $637.50, it is our view that the judgment here rendered in appellant's behalf should bear interest at the rate of six per cent per annum from January 5, 1953, and he is hereby awarded said interest from said date together with all costs in the court below and in this court.

Accordingly, the judgment of the trial court is affirmed in part and reversed and rendered in part as above provided.