J. D. WOLF, Appellant,

v.

Odis FAUBION, Appellee.

No. 3276.

Court of Civil Appeals of Texas.

Waco.

April 7, 1955.

Rehearing Denied May 5, 1955.

Tom R. Mears, Gatesville, for appellant.

H. W. Allen, Hamilton, for appellee.

TIREY, Justice.

This action is grounded upon fraudulent representations of defendant made to Evant Brooks of The First National Bank of Evant, Texas. Plaintiff alleged substantially that defendant falsely represented to Mr. Brooks that plaintiff was indebted to him (defendant) in the sum of $357.50 because of real estate commission plaintiff owed to defendant for the sale of 131 acres of land; that plaintiff had no contract, written or verbal, of any nature whatsoever to pay to defendant any sum or sums whatsoever as commissions for the sale of this tract of land and that defendant's representations to Evant Brooks to the effect that plaintiff had promised to pay

defendant the sum of $357.50 as commission for the sale was wholly false; that Evant Brooks of The First National Bank of Evant was misled by the misrepresentations of the said defendant to him concerning this matter and paid to the defendant the sum of $357.50 and charged it to the plaintiff's account; that plaintiff had no knowledge of this transaction until he received his bank statement and that he immediately made demand on defendant to return the sum of $357.50 to him, and that defendant refused to do so. Defendant's answer to plaintiff's complaint consists only of a general denial. (We think the pleading of plaintiff is sufficient to tender the issue of fraud. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50. See also cases collated in Wilson v. Teague Ind. School Dist., Tex.Civ.App., 251 S.W.2d 263, point at page 268 (writ ref.). The trial was to the court without the aid of a jury, and after the evidence was closed the court took the matter under advisement and afterwards, on the 15th of November, 1954, entered a "take nothing" judgment against plaintiff and plaintiff seasonably prefected his appeal.

There is no Statement of Facts. Plaintiff seasonably made request for findings of fact and conclusions of law, and we quote them substantially:

### "Findings of Fact

"1. On September 21, 1953, Evant T. Brooks and wife, Ruth Brooks, entered into a contract under the Veterans Land Board Program to sell the property in question (131 acres) to Andy Gordon Wolf at the request of J. D. Wolf and wife, Ethel Wolf, at a price of $55.00 per acre.

"2. Later, Evant T. Brooks and wife, Ruth Brooks, conveyed the adjoining tract of approximately 411 acres of land to Arch C. Mathers at the request of J. D. Wolf and wife, Ethel Wolf, for a price of $50.00 per acre.

"3. After the 411 acres had sold to Arch C. Mathers, J. D. Wolf and wife and Andy Gordon Wolf mutually agreed to sell the 131 acres being purchased by Andy Gordon Wolf under the Veterans Land Board Program to Arch C. Mathers at a price of $50.00 an acre.

"4. Odis Faubion was the real estate agent representing J. D. Wolf and wife, Ethel Wolf, and Evant T. Brooks and wife, Ruth Brooks, as agents of J. D. Wolf and wife, Ethel Wolf, in the sale of said property. Odis Faubion advised J. D. Wolf that he could assign the Veterans contract which had been executed to Andy Gordon Wolf to Arch C. Mathers and get $55.00 per acre for said property and that J. D. Wolf would receive approximately $52.00 per acre for said land after the expenses of sale were paid. There was no definite agreement that a real estate commission would be paid.

"5. On January 5, 1954, J. D. Wolf and wife executed an agreement with Evant T. Brooks to sell the property in question herein (131 acres) to the Veterans Land Board and to pay the money received therefrom to J. D. Wolf and wife, less expenses of sale.

"6. On the date the sale was completed and transaction was closed, Evant T. Brooks executed a check in the amount of $387.50 to Odis Faubion for services rendered as real estate commission and charged same to the account of J. D. Wolf.

"7. Later, Mr. Faubion discovered that there had been a mistake in figuring the amount of commission and returned $20.00 to J. D. Wolf.

### "Conclusions of Law

"1. Even though there was no written contract listing this property with Odis Faubion as a real estate agent, J. D. Wolf accepted his services and the benefits of same and was thereby bound to pay for same.

"2. Where real estate agent has fully performed or implied oral agreement to bring about exchange of realty,

money given by the vendor's agent as real estate agents commission was based upon a valid consideration and its enforcement was not barred by statute requiring action to recover any commission on sale of realty to be based upon written agreement."

Our 46th Legislature in 1939 enacted a law relating to real estate dealers, being Art. 6573a, Vernon's Ann.Civ.St., and known as the Real Estate Dealers License Act. Section 22 of such Act provides as follows:

"No action shall be brought in any court in this State for the recovery for any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State at the effective date of this Act."

This Act was amended by Acts of 1949 51st Legislature but the foregoing section was not changed.

■ Since the enactment of the foregoing statute, our courts have uniformly construed the foregoing section to be mandatory. See Landis v. W. H. Fuqua, Tex.Civ.App., 159 S.W.2d 228 (writ ref.); Coughran v. Smith, Tex.Civ.App., 167 S.W. 2d 815 (no writ history) and cases there cited. Our Supreme Court had this same question before it in Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, 516, which decision is to the effect that unless the real estate agent employed has a contract in writing with reference to the commission to be charged, that such contract for the sale of real estate is not enforcible. Our Supreme Court, in discussing Sec. 22 aforesaid, made this observation: "The effect of this statute is to require that contracts by which an agent is employed to buy or sell real estate must be in writing; otherwise they are not enforceable. Its purpose,

like that of other sections of the Statute of Frauds, is to prevent fraud arising from parol testimony as to the terms and conditions of such contracts." See also Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742. Our Supreme Court has not seen fit to change this construction it has placed on Sec. 22 aforesaid.

Since plaintiff alleged that the defendant had obtained funds to the amount of $357.50 against the account of plaintiff in The First National Bank of Evant on false representations to its President, which were to the effect that such sum of $357.50 was due him as a commission of the sale of said tract of land, and since the trial court has found there was no contract binding plaintiff to pay such real estate commission to defendant, plaintiff is entitled to recover such sum from defendant.

Appellant's Points 1 to 5 inclusive present substantially this one point.

■ Appellee in his reply brief, among other things, relies on Lyon v. Harmon, Tex.Civ.App., 212 S.W.2d 491, and in connection with the discussion says: "20 Tex. Jur. p. 321, sec. 111, under the title of Statute of Fraud states as follows: 'The Statute of Frauds has no application to an agreement which has been fully executed, as distinguished from one which is still executory. So, where there has been complete performance of an agreement for the sale and purchase of land the legal relations of the parties are no longer subject to being affected by the statute.' We submit that the contract in this case has been fully performed within the holding of those cases, not only as to the consummation of the sale, but also as to the payment of the commission, and Section 22 being only a rule of evidence which prevents the institution of a suit, it would have no application." We are not in accord with the appellee's view in this behalf.

First of all, the statement is not applicable to the case pleaded by plaintiff, nor does it have any support in the findings of fact. As we have previously stated, plaintiff alleged that defendant, by the use of

fraudulent representations, represented to the officer of the bank that plaintiff had obligated himself to pay the foregoing sum of $357.50; and plaintiff further pleaded that he was not under any contract, written or verbal, to pay commission for the sale of this particular property, and the trial court has in effect so found.

Under the interpretation given to Sec. 22 of Art. 6573a, supra, the defendant did by false representations obtain said sum of money from plaintiff and he is duty bound to make restitution. Accordingly, the judgment of the trial court is reversed and judgment is here rendered that plaintiff recover of and from defendant the sum of $357.50, with legal interest (6%) thereon from November 15, 1954, together with all costs of suit, and it is so ordered.