**V. L. BLEEKER, Appellant,**

v.

**T. E. MORRISON, Appellee.**

No. 4381.

Court of Civil Appeals of Texas,
Eastland.

May 22, 1970.

C. J. Eden, Breckenridge, for appellant.

Robert E. Bowers, Breckenridge, for appellee.

COLLINGS, Justice.

This is an appeal from a summary judgment. Suit was brought by T. E. Morrison against V. L. Bleeker, P. M. Faulkner and Dave Masner, to recover an escrow deposit of $1,000.00 made by plaintiff to P. M. Faulkner, a real estate broker representing V. L. Bleeker, in a contract of sale to plaintiff of the Bleeker home in Breckenridge. The basis of the suit was the alleged wrongful refusal of Bleeker to abide by certain agreements between Faulkner,

acting for Bleeker, and Morrison, concerning the consideration for the sale contract and allegations that the contract was not enforceable and was invalid under the statute of frauds. Both Bleeker and Morrison filed motions for summary judgments. Morrison's motion was granted and judgment was rendered accordingly for him for $1,000.00 and the court clerk was directed to deliver such fund which he held in escrow to plaintiff. Other relief sought by all parties was denied. Neither Faulkner nor Masner have appealed. This appeal is brought by V. L. Bleeker.

Appellee Morrison, in support of his motion for summary judgment, filed his affidavit stating in substance that in August of 1966, he was employed by Texaco Inc., as a pumper at Sweetwater, Texas, where he and his family resided in their home and that on that date he was moved by his employer to Breckenridge, Texas with duties as a pumper in the oil fields. Appellee asserted that he contacted Faulkner, a licensed real estate broker under Texas law, and Dave Masner, who was not a licensed broker, about the purchase of a home in Breckenridge; that Faulkner submitted to him the home of V. L. Bleeker and after some negotiations prepared a purported contract of sale, a copy of which marked as Exhibit A, was attached to and made a part of appellee's affidavit; that such copy is a true and correct copy and constitutes the only written memorandum purporting to contain the terms and conditions of the transaction; that the contract of sale was signed by P. M. Faulkner in person and as agent for V. L. Bleeker, and was also signed by Morrison as purchaser.

Appellee Morrison also stated in his affidavit that at the time such contract was signed by V. L. Bleeker he, Bleeker, had and maintained his said property in Breckenridge as a homestead, and that a portion of his personal belongings were on the premises and not moved from the premises by anyone during the transaction; that the contract of sale in question is the duplicate copy of same which was delivered by Faulkner to appellee when it was signed and constitutes the full written contract to the extent that the agreement between them was delineated in writing; that the copy of such contract filed in this cause by appellant Bleeker had been altered by someone by the addition of the word "Stephens" in that part of the fourth line which reads, "lying and situated in the County of _____, State of Texas."

Appellee Morrison further stated in his affidavit and the sales contract in question recites that the purchase price of the Bleeker property was $14,000.00 and that affiant deposited with Faulkner $1,000.00 in cash as part payment, the receipt of which was acknowledged in the contract by Faulkner; that such $1,000.00 deposit was in fact actually paid by appellee to Faulkner as acknowledged by Faulkner in his pleadings which states that he holds said $1,000.00 subject to the disposition ordered by the court. Appellee asserts in his affidavit that the contract in question is void under the Statute of Frauds, Article 3995, Vernon's Tex.Civ.St., and under the provisions of Section 26.01 of Chapter 26 of Business and Commerce Code, R.C.S.T.; that said contract does not contain the essential terms of a contract of sale, does not express the terms of the sale with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties; that such contract does not give the terms of the sale such as the amount of the note, the rate of interest, or the amount to be paid as a down payment other than the $1,000.00 earnest money paid to Faulkner; that the terms and conditions of the transaction relating to consideration are not given in the contract with that certainty and definiteness required to meet the provisions of the statute.

Appellee further asserts in his affidavit that such contract of sale is not signed by or for the wife of Bleeker, though the property in question was their homestead; that the premises are not properly described as to location, nor is the county in which

it is located set out in the original contract. In this connection it is noted that the alleged copy of the sales contract as shown in the exhibit filed by appellant does indicate that appellant's home is located in Stephens County. Appellee further stated under oath that no abstract of title was delivered to him in accordance with the provisions of the contract nor does such agreement fix a definite time for performance or for delivery of the deed; that said purported sales contract does not specify the terms, provisions and conditions of the deed to be executed or the reservations, or whether the seller was indebted for said property for which a lien already existed against the property. Appellee asserts that the contract does not contain all the essential elements required by law under the Statute of Frauds.

Appellant Bleeker filed an answer to the motion of Morrison for summary judgment. He asserted the existence of the sales contract as alleged and shown by the exhibits and that such contract was sufficient in law for a contract of sale of the property involved. He contends that material issues of fact are presented by the pleadings and affidavits on file. Appellant filed an affidavit in support of such answer setting out his version of the transaction leading up to execution of the sales contract. Appellant urges points contending that the court erred in granting appellee's motion for summary judgment because (1) a material issue of fact did exist in the case and that (2) the sales contract in question was not in violation of the Statute of Frauds. These points are well taken.

■ An examination of the pleadings on file together with the affidavits show that there are issues of material fact in the case and that Morrison was not entitled to the summary judgment rendered in his favor. There is a material conflict in the pleadings and affidavits of the parties concerning the negotiations which preceded the execution of the sales contract and of the oral agreement of the parties concerning the terms and conditions of the transaction relating to the consideration therefor, and also relating to the delivery by appellant of an abstract in accordance with the terms of the contract.

■ It is provided in effect by the Statute of Frauds, Article 3995, V.T.C.S., and Section 26.01 of Chapter 26 of the Texas Business and Commerce Code, V.T.C.S., that any contract for the sale of real estate is not enforceable unless the promise or agreement upon which an action shall be brought or some memorandum thereof shall be in writing and signed by the party to be charged therewith or by someone lawfully authorized to sign for him. An essential element of a contract required to be in writing may never be supplied by parol. Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842 (1949), and cases cited therein.

■ We sustain appellant's contention that the sales contract in question is not in violation of the Statute of Frauds. It is true that the contract does not set out the details of the manner of payment of the total consideration but this is not necessary to comply with the statute. In Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255 (1955), it was stated by our Supreme Court that "It is well settled in Texas that the Statute of Frauds does not require that the consideration in a contract for the sale of realty be expressed in writing." See also Simpson v. Green, 231 S.W. 375 (Comm. App.); Fulton v. Robinson, 55 Tex. 401 (Sup.Ct., 1881); Buhler v. McIntire, 365 S.W.2d 237, (C.C.A., 1963, ref. n. r. e.).

■ We cannot agree with appellee's contention that the sales contract is in violation of the statute of frauds because it does not specify the county in which the land is located. The contract is headed "The State of Texas, County of Stephens", and the description of the realty is stated as "75 feet x 120 feet of Lot 4, Brown subdivision of the East one-half, Block 33, original townsite to the City of Brecken-

ridge." This description of the realty is not so vague and indefinite as to violate the Statute of Frauds. Loring v. Peacock, 236 S.W.2d 876 (C.C.A., 1951, no writ history). Appellant's principal contention in this respect is that the contract does not specify the county in which the land is located. We take judicial notice of the fact that the City of Breckenridge is situated in Stephens County.

█ We likewise do not agree with appellee's contention in effect that the summary judgement was properly granted because the land in question was the homestead of Mr. and Mrs. Bleeker and Mrs. Bleeker did not sign the contract of sale.

We overrule appellant's point contending that the court erred in denying his motion for summary judgment. As previously indicated there are material fact issues in the case which require determination by a fact finding body.

The judgment is reversed and the cause is remanded.