**Harry G. ELMORE, Appellant,**

v.

**Joseph WILEY et al., Appellees.**

No. 17757.

Court of Civil Appeals of Texas, Dallas.

March 9, 1972.

Rehearing Denied March 30, 1972.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellant.

Dewey M. Dalton, Dalton, Moore, Forde, Joiner & Stollenwerck, J. Richard Whittington, Bill C. Hunter, Hunter, Greenfield & Allen, Dallas, for appellees.

GUITTARD, Justice.

This suit was brought by Harry Elmore, a real estate broker, to recover a commis-

sion for procuring the sale of a Holiday Inn from The Chimney Rock Company to Joseph Wiley. No written listing agreement was signed, but seller and buyer signed a written contract of sale which was never consummated. The broker sued both seller and buyer for the commission, and the trial court granted summary judgment in favor of both. The broker appeals.

The principal question is whether the sale contract and two subsequent letters satisfy the requirements of Tex.Rev.Civ. Stat.Ann., art. 6573a, sec. 28 (1969):

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

We hold that these requirements were not met with respect to either defendant.

The sale contract contains the following:

"The Buyer agrees to pay any commissions due to any person or party whose efforts have resulted in introducing the Buyer and the Company and the consummation of this sale, specifically Harry Elmore."

After the seller Chimney Rock, by its president Charles Paul, announced that Chimney Rock would not go through with the sale, the buyer's attorney wrote to Chimney Rock's attorney as follows:

" * * * we received a letter from Mr. Elmore the real estate broker, demanding that he be paid his brokerage commissions. I, of course, intend to look to Mr. Paul for his commission since the cancellation came from Mr. Paul."

The letter states the willingness of Wiley as buyer to comply with the contract and continues:

"Under no circumstances will we permit Mr. Wiley to execute the release to your client unless and until a hold harmless agreement is executed by Mr. Paul with respect to the real estate commission and expenses are reimbursed to Mr. Wiley for his time in Dallas, Texas."

A copy of this letter was sent to plaintiff Elmore.

Next day Wiley himself wrote to plaintiff as follows:

"You should have received this morning a copy of letter that was sent to Neil, Paul's attorney. The letter is very specific relative to commission. I would like to take a firm stand and not make any allowances except as a last resort, this is the only way we can possibly make him go through with the deal, which we both want. Please keep me in touch if you have any dealings with Paul or his attorney. The commission you should stick to should be $50,000.00."

 Plaintiff contends that these writings taken together constitute a written contract for payment of his commission. This contention cannot be sustained with respect to Chimney Rock since the only document it signed is the sale contract which does not specify the amount of the commission. Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842 (1949). Neither does the contract contain any express or implied promise by Chimney Rock to pay the commission. Under the statute, the subsequent letter from Wiley to Elmore suggesting that Elmore should insist on a commission of $50,000 cannot form the basis of any recovery against Chimney Rock since there was no agreement in writing by Chimney Rock to pay a commission in that amount. Consequently, Chimney Rock's motion for summary judgment was properly sustained.

 The summary judgment in favor of Wiley is correct also because Wiley never agreed to pay a commission for an unconsummated sale. Wiley had no privity of

contract with Elmore, who claims as a third-party beneficiary under the sale contract between Wiley and Chimney Rock. Wiley's promise in that contract to pay Elmore's commission is only one of a number of obligations Wiley assumed in consideration of Chimney Rock's promise to convey the property. Consequently, Wiley's obligations under the contract, including his obligation to pay the commission, were conditioned upon tender of performance by Chimney Rock. This interpretation of the contract is reinforced by the provision of the contract by which Wiley "agrees to pay any commissions due to any person or party whose efforts have resulted in introducing the Buyer and the Company and the consummation of this sale." This language may be poorly chosen, because the sale was not consummated when the contract was signed, but it does indicate that Wiley's agreement to pay the commission depended on consummation of the sale. Nothing in the contract can be fairly construed to impose on Wiley an obligation to pay Elmore's commission whether or not the sale is consummated. The subsequent letters from Wiley and his counsel contain no promise to pay the commission, but merely suggest an amount which Elmore should demand from Chimney Rock on its unenforceable oral obligation.

■ Plaintiff argues that the broker's right to his commission does not depend on consummation of the sale, but only on producing a person ready, able and willing to buy on the terms prescribed. He cites Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725 (1930), which follows that rule, but the opinion recognizes that the terms of the contract may make the commission depend on final consummation of the sale. Moreover, in that case the seller was willing to complete the sale, and the purchasers were held liable for the commission because they were responsible for the sale falling through. Here Wiley never agreed to pay a commission unless the sale was consummated, and no breach of the sale contract by him is alleged.

Plaintiff argues that whoever breached the sale contract is liable for the commission. That argument might be good if the contract provided for a commission in a specified amount, as in Caneer v. Martin, 238 S.W.2d 828 (Tex.Civ.App., Waco 1951, writ dism'd). Here Chimney Rock would not be liable for the commission even if it did breach the sale contract, since it did not agree in writing to pay a commission. Wiley cannot be held liable on the theory that he breached the sale contract, since plaintiff makes no allegation of such a breach in his petition or in his affidavit, and he says in his brief that he cannot prove who caused the breach.

■ Plaintiff also suggests that one defendant or another may be liable to him for the tort of wrongfully inducing the other not to pay the commission under Clements v. Withers, 437 S.W.2d 818 (Tex.Sup.1969), but we find no facts alleged in his petition or in his affidavit to support this theory.

Affirmed.