### HOUSTON CHRONICLE PUB. CO. v. BERGMAN et al.

#### No. 10706.

Court of Civil Appeals of Texas. Galveston.
Feb. 23, 1939.

Rehearing Denied April 20, 1939.

Kayser, Liddell, Benbow & Butler and Hardway, Woodruff & Austin, all of Houston (Dwight H. Austin, of Houston, of counsel), for appellant.

Vinson, Elkins, Weems & Francis, of Houston, and Will Crews Morris, of San Antonio, for appellees.

A. D. Dyess, of Houston, for appellee R. V. Kliesing.

CODY, Justice.

On May 8, 1933, appellant obtained a judgment lien on the land belonging to appellee H. D. Bergman, situated in Brazoria County, consisting of 80 acres, by filing an abstract of judgment for record in the judgment records of Brazoria County. Four days prior to this—on May 4, 1933—appellee R. V. Kliesing had filed a petition in the district court of Brazoria County against Bergman in trespass to try title to this same 80-acre tract; and thereafter, on July 14, 1933, Kliesing obtained judgment in such suit for title and possession of such land. There is no evidence that, at the time appellant acquired its judgment lien against the 80-acre tract, i. e., on May 8, 1933, Bergman had been served with citation in said action brought against him by Kliesing; nor had Bergman answered or entered his appearance in such suit at such time. No lis pendens notice was ever filed in connection with such trespass to try title action, and appellant never at any time became a party to it, nor had notice of it until long after its termination. The question to be determined on this appeal is this, —was the judgment lien acquired by appellant in the 80-acre tract on May 8, 1933, cut off by the final judgment rendered against Bergman (who was the common source of title) in the trespass to try title suit filed by Kliesing on May 4, 1933? The correct interpretation of Art. 7391, R.S. 1925, will supply the correct answer to such question.

The article just referred to reads: "Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action." Now prior to the enactment in 1879 of what is now Article 7391 in the Revised Statutes of 1925, it was provided: "In all actions of trespass to try title to lands, commenced within the time limited by law, the plaintiff shall proceed with all convenient expedition to the trial of the same; and in case a verdict and judgment shall pass against him in such action, such verdict and judgment shall not be conclusive and definite against the plaintiff, but at any time within one year, the said plaintiff, or any person claiming under him, shall have a right to commence his action for the recovery of said lands, de novo, and prosecute the same in the manner and with the expedition before directed; but in case a verdict and judgment shall pass against such plaintiff, then such second verdict and judgment shall be final and conclusive on the part of every such plaintiff; * * * *"

The foregoing statute took effect March 16, 1840, Acts 1840, p. 136. It was amended February 2, 1844, Acts 1844, p. 70, by Art. 5299, of Paschal's Dig. which added the provision that "the plaintiff shall have one year from the decision of said Supreme Court to bring a second action." These statutes remained in full force until amended in 1879 by what is now Article 7391. Hall v. Wooters, 54 Tex. 231.

It is difficult to understand how the framers of our trespass to try title action could ever have seen any possible justification for allowing a plaintiff to litigate a second time the same matter with the same parties, in the same court, after having a final judgment rendered against him. Such a practice violated the practice which is fundamental in the administration

of justice that "interest rei publicae ut sit finis litium". Therefore, as "in all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy" (Sec. 6, Art. 10, R.S.1925), there can be no doubt that, by enacting what is now Article 7391, the Legislature intended to bring actions in trespass to try title into line with other forms of litigation by allowing plaintiffs in such actions only such rights as plaintiffs had in other types of action. To effect this purpose it is manifest that only one final judgment should be allowed in such an action, such judgment to be effective against whom it was rendered, and against all persons claiming to have acquired title through him, pendente lite. In the very nature of things the principle of lis pendens is essential to the effectiveness or finality of judgments. "He who purchases during the pendency of a suit is held bound by the decree against the person from whom he derives title. The litigating parties are exempted from taking any notice of the title so acquired, and such purchaser need not be made a party to the suit. The rule is founded on a great public policy, otherwise alienations made during a suit might defeat its whole purpose and *there would be no end to litigation*. And hence arises the maxim 'pendente lite, nihil innovetur', the effect of which is not to annul the conveyance; but only to render it subservient to the rights of the parties in the litigation." (Italics ours) Lee v. Salinas, 15 Tex. 495, 497. After careful consideration, we have concluded that this language in Article 7391: "and upon all persons claiming from, through or under such party, by title arising after the commencement of such action", was only intended to add to the conclusiveness of final judgments in trespass to try title actions, by providing that such judgments should be effective on persons acquiring, from parties to such judgments, title or possession pendente lite. And, of course, an action was not regarded as pending at common law until the court had acquired jurisdiction over the parties. "In some of the states suits are commenced as in our own, by filing a petition, and in others by issuing a writ; but without regard to the act by which the suit is commenced for other purposes it seems to be universally held that, for purposes of notice by lis pendens, it does not begin till service of process, or its publication in case of an absent defendant." Smith v. Cassidy, 73 Tex. 161, 165, 12 S.W. 13, 16; Cassidy v. Kluge, 73 Tex. 154, 159, 12

S.W. 13; Hanrick v. Gurley, 93 Tex. 458, 469, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330; Barker v. Temple Lbr. Co., 120 Tex. 244, 37 S.W.2d 721. Since, therefore, it is universally held that for purposes of lis pendens, or its notice, an action does not begin until service of process, the Legislature must be taken to have intended, by the language it used, to adopt the common law rule as to lis pendens, in providing for finality of judgments in actions in trespass to try title. It is perhaps not inappropriate to call attention to the fact that what is now section 8 of Article 10, R.S.1925, was not in force in 1879. And, as the common law of England, so far as not inconsistent with the constitution and laws of this State, was made the rule of decision on January 20, 1840; and is to continue such until altered or repealed (Art. 1; Great Southern Life Ins. Co. v. Austin, 112 Tex. 1, 243 S.W. 778); and, as by force of common law, statutes in derogation of common law must be strictly construed, the Legislature must be assumed to have enacted what is now Article 7391 with the knowledge and intention that if such legislation were subject to two constructions, one of which would change the rule of pendente lite as it existed at common law, and the other would leave it in force, that the construction which did not change the rule of pendente lite, as it existed at common law, would prevail. Furthermore, it is significant, we believe, that this is the first time that it has ever been claimed that Article 7391 makes a different rule of lis pendens apply to actions in trespass to try title, from the rule that applies to other actions.

We hold, therefore, that the trespass to try title suit, filed by R. V. Kliesing in Brazoria County against Bergman on May 4, 1933, but in which no service of citation was had until after May 8, 1933, when appellant accepted its judgment lien, did not constitute notice lis pendens to appellant, and did not bar nor extinguish appellant's judgment lien. This holding requires that the judgment of the trial court be reversed. Appellant, in its pleadings, offered to pay whatever was justly due R. V. Kliesing, and the appellees who claim under him, and offered to do equity. It may be that, upon a further trial as to that feature only, it will be found that there are some such equities to be taken into consideration. We conclude that justice will be best served by remanding the cause for that purpose.

Reversed and remanded with instructions.