## GULF OIL CORPORATION v. STATE.

### No. 4221.

Court of Civil Appeals of Texas. El Paso, Texas.

June 18, 1942.

Rehearing Denied Oct. 1, 1942.

Second Rehearing Denied Nov. 19, 1942.

John Broughton and Walter C. Clemons, both of Houston, and Stanley Hornsby, of Austin, for appellant.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis, George W. Barcus, and Peter Maniscalco, Asst. Attys. Gen., for appellee.

PRICE, Chief Justice.

This is an appeal by the Gulf Oil Corporation from a judgment of the District Court of Travis County overruling a plea of privilege. Involved in the litigation was the title and right of possession to certain land in Rusk County.

On July 8, 1938, the State filed this action. The defendants were J. F. Hair and G. E. Wimberly. On November 23, 1938, the State filed her first amended original petition. In this petition the following additional parties defendant were added: Ida Holt, Martha O'Quinn, the Magnolia Petroleum Company, and the Gulf Production Company. September 3, 1940, the State filed a second amended original petition. The defendants were the same as those to the first amended petition, save the Gulf Production Company was dropped

as a defendant and the Gulf Oil Corporation, appellant here, was added as a party defendant.

September 19, 1941, appellant filed its plea of privilege. October 9, 1941, the State, through an Assistant Attorney General, filed a controverting affidavit to appellant's plea of privilege. Included in this sworn affidavit were a general and special exception to appellant's plea. October 20, 1941, the court overruled appellant's plea.

On a hearing appellee, to sustain the venue, introduced in evidence the original petition, the first amended original petition, and the controverting affidavit.

Appellant's sworn plea of privilege sets up that the second amended petition shows that the title to land in Rusk County is involved, and therefore Rusk County is the proper county of venue in accordance with provisions of art. 1995, sec. 14, R.C.S. 1925. It further sets up that this suit is entirely a new suit and no citation had been issued on the merits against the parties, except on September 8, 1941, for appellant. It is further set up, no exceptions to the exclusive venue of Rusk County exist in the cause; that in fact the provision of art. 1995, sec. 14, and the provision of art. 5420, as amended, Vernon's Ann.Civ.St. art. 5420, make it mandatory that suits of this nature be filed in the county where the land is situated.

Appellee, to sustain the venue, relied on art. 5420, claiming that the action was a pending suit when the amendment to that article went into effect May 10, 1939. Sec. 29a of art. 1995, R.C.S.1925, as amended by the Acts of 1927, Vernon's Ann.Civ.St. art. 1995, subd. 29a, was likewise invoked by appellee.

Art. 5420, R.C.S.1925, as amended in 1939, clearly required that the venue be in the county of the situation of the land, unless it was a pending suit prior to May 10, 1939. The amendment of May, 1939, in substance, provides that where the State sues for land the venue should be in the county where the land is situated. The concluding sentence of the amendment is as follows: "Nothing in this Act shall affect or apply to any suit or suits pending at the time this Act shall become effective."

Appellant and appellee seem to be in agreement that the cause of action asserted by the second amended original petition is of the nature provided for in art. 5420.

In fact, appellant's plea of privilege so asserts, and appellee's controverting affidavit so alleges.

The venue fact the State must establish to sustain the venue in Travis County is that this suit was a pending suit when the amendment to art. 5420 became effective in May, 1939.

Regardless of whether we may refer to the transcript to ascertain the nature of this suit, the cause of action set forth in the second amended original petition, the fact remains its nature is set forth in the plea of privilege itself. The first amended original petition of plaintiff is in the agreed facts. This was filed November 23, 1938. In all respects it is the same as appellant's description of the cause of action asserted in the second amended petition, save that in the first amended petition appellant was not a party defendant.

Comparing the second amended petition, as shown in the transcript, and the first amended original petition, as shown by the agreed statement of facts, the two are in all essential particulars the same, save that in the second amended petition appellant was made a party defendant.

We think the basis of appellant's appeal may be stated as follows: That the appellee failed to establish that at the time the amendment of May, 1939, changing the law as to land actions filed by the State, became effective, this suit was pending.

It is asserted that no citation was served on any of the defendants prior to the service on appellant on the 8th day of September, 1941. If we look only to the agreed statement, part of the record herein, it discloses that no evidence was introduced relative to the issuance and service of citation on any of the defendants. Appellant asserts, without the service of citation, this suit was not a pending suit within the meaning of the amendment of 1939 to art. 5420. Numerous authorities are cited sustaining the proposition that within the meaning of the lis pendens law, a suit is not regarded as pending until jurisdiction over the defendant has been obtained. Sustaining this perfectly sound proposition, numerous authorities are cited. 28 Tex.Jur. 325-326; Houston Chronicle Pub. Co. v. Bergman, Tex.Civ.App., 128 S.W.2d 114, writ dismissed.

■ So widely variant is the purpose of a venue law and the law as to lis pen-

dens, we think an analogy is not presented. However, we are of the opinion that the mere filing of a suit without bona fide intention that citation be served would not constitute same a "pending suit," within the meaning of the amendment to the venue statute applicable. Further, that from long delay to obtain service of citation it might be inferred that the suit was filed without the intention of obtaining service. 28 Tex.Jur. pp. 192, 194, and authorities cited.

Regardless of whether this construction of the venue statute be strictly correct, it is a test we shall adopt.

Art. 1971, R.C.S.1925, in substance, provides the suit shall be commenced in the district court by the filing of a petition. Art. 2021, that when a petition is filed with the clerk, he shall promptly issue a citation for the defendant.

■ There is no showing in the agreed statement that citation was not issued and served as contemplated by the law.

Appellant asserts that the burden was upon appellee to make this showing.

In the case of Curtis v. Speck, Tex.Civ. App., 130 S.W.2d 348, 351, writ denied, the following statement appears: "Plaintiff may by request, or by other facts showing such intention, delay the issuance of citation. However, it is essential that defendant prove that the delay, if any, in the issuance of the citation by the clerk was through the negligence, or at the instance or request, of plaintiff or his attorney. The following rule is laid down in 28 Texas Jurisprudence 196: 'In the absence of proof it will not be presumed that plaintiff did anything to delay the issuance of citation.' "

In the case at bar there is no evidence that appellee did cause delay in the issuance and service of citation—in fact, there is no evidence that citation was not duly served. The fair presumption is, we think, that it was so served. Regardless of the provisions of art. 2007, that the plea of privilege shall be prima facie proof of the right to the change of venue, it hardly places the burden on plaintiff to prove that he was free from fraud or negligence. We see no reason why, in the trial of venue facts, evidence should not have the same effect and quality as in the trial of any other issue. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The plea of the defendant may prima facie establish the right to a change of venue. Aside from the formal plea, it is not evidence we think of facts unnecessarily stated in the plea. By way of illustration, were the plaintiff relying on sec. 9 of art. 1995 to sustain the venue, an averment in the plea that defendant committed no trespass against plaintiff would not be evidence that he did not do so. So here, the averment in the plea that no citation had been served on the other defendants is no evidence thereof.

Appellant was not made a party to this suit until September 3, 1941, long after the amendment went into effect. A very similar situation arose in the case of Stanolind Oil & Gas Co. v. State, 153 S.W. 2d 614, disposed of by the Austin Court of Civil Appeals. There the suit had been filed on April 11, 1939, about twenty days before the amendment to art. 5420 became effective. On April 10, 1940, the State made the Stanolind Oil & Gas Company a party defendant. It filed a plea of privilege to be sued in Pecos County, where the land was situated. This plea on a hearing was overruled. The Austin Court affirmed the judgment.

Appellant seeks to distinguish that case from the case at bar. It is said the record shows all other defendants had been duly cited. What we have said before demonstrates that we do not deem this a valid ground of distinction. It is stated in appellant's brief that the Stanolind was brought into the case by a cross action of one of the defendants, a party to the case before May 10, 1939. This statement we do not question. However, in the report of the opinion the controversy as to venue was between the State and Stanolind. It is stated therein, the State by third amended petition filed on April 10, 1940, for the first time made the Stanolind a party defendant.

No error is found and the judgment is affirmed.

## On Motion for Rehearing.

In the original opinion in this case it was stated that plaintiff's first amended original petition was filed September 3, 1940. This is incorrect. The date of the filing thereof was September 3, 1941.

We have given careful attention to the very able motion of appellant for rehearing herein, but still adhere to the views expressed in the original opinion.

In our opinion, when the State proved that its petition involving title to land was filed prior to the effective date of the amendment to Art. 5420, R.C.S.1925, and that same was undetermined, in the absence of all showing of want of intention to prosecute, the venue was sustained in Travis County.

Bad faith or negligence on the part of the officers of the State is not to be presumed. Tribby v. Wokee, 74 Tex. 142, 11 S.W. 1089; Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951.

It is urged that our original opinion conflicts with the case of City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93. We think there is a distinction between the two cases. In that case the entire record was directly before the court, in that it was a trial on the merits; there the record was closely examined by the court. The record prior to the appearance of the defendants would not have supported a judgment by default. Here, the trial was as to venue. The entire record was not introduced. It therefore was not before the court further than the second original petition as showing the nature of the suit. Yates v. State, Tex.Civ.App., 3 S.W.2d 114.

Even though the second amended petition was not before the court in this respect, that is, to show the nature of the suit, the plea of privilege disclosed the nature thereof. In our opinion, the fact that the case had been instituted by the filing of the petition before May, 1939, and that same was undetermined at the time the plea of privilege was filed, established that same was a pending suit within the meaning of the amendment to Art. 5420.

It is ordered that the motion for rehearing be overruled.

WALTHALL, J., not participating.