**KRESS et al. v. SOULES et al.**

No. 10096.

Court of Civil Appeals of Texas. Austin.

Jan. 28, 1953.

Rehearing Denied Feb. 18, 1953.

Corenbleth, Thuss & Jaffe, by Morris **I.** Jaffe, Dallas, for appellants N. C. Kress and Willie Rouse, Sr.

Alexander, George, Russell & Passman, by Pat S. Russell, Dallas, for appellant and/or appellee Frederick C. Martens.

Wm. Andress, Jr., of Dallas, for appellee Luther H. Soules.

Otis Bowyer, Dallas, for intervenor and appellee Kathryn Currin.

HUGHES, Justice.

The principal relief sought in this case is specific performance of a written contract for the sale of real estate.

Luther H. Soules, an appellee, and plaintiff below, was the purchaser and N. C. Kress, an appellant, was the seller.

The contract, dated July 20, 1950, was made upon a Standard Sale Contract form and described the property as being Lot 21, Block F/5314 Casa Linda Estates also known as 1429 Bella Vista in Dallas, Dallas County, Texas. The purchase price was $17,500, $500 of which was paid in cash, the balance payable upon delivery of deed. The contract also provided that it was contingent upon purchaser securing a first lien twenty-year 4½ per cent mortgage for $13,000 on the property. Possession was to be delivered upon closing the trade and seller agreed to pay Kathryn Currin, realtor, the "usual" commission.

It was stipulated that Kress bought this lot in 1946 and that "he still had that title on July 20, 1950."[1]

This contract was filed for record in the Dallas County Deed Records on July 24.

Kress never consummated or offered to consummate his contract with Soules although Mr. Soules advised the alleged agent of Kress, within a day or two after execution of the contract, that a loan commitment had been obtained and the sale was ready for closing.

On the 25th of July, Mr. Kress told Soules that he had sold the property to another man for more money and requested a release from his contract. This Soules refused.

On July 27th, this suit and a lis pendens notice was filed and on the same day but subsequent to the time the lis pendens notice was filed appellant Kress and Willie Rouse, Sr., who is also an appellant, conveyed the property in controversy to Frederick A. Martens, also an appellant and an appellee, by general warranty deed, for a total consideration of $18,500, $5,500 of which was paid in cash and $13,000 represented by a vendor's lien note which was assigned to the Southern Trust and Mortgage Company, a defendant below. This deed was filed for record July 31.

Martens has been in possession of the property since the date of such deed, the rental value of which was stipulated to be $100 per month.

Kress and Rouse claim that they were joint owners of the property in suit by virtue of this agreement:

"N. C. Kress, named the first party in this agreement, and Willie Rouse &. Son, known as the second part in this. agreement agree as follows:

"The first party being the owner of lot 21, Block F 5314, located at 1429· Bella Vista, Dallas, and the second party, being a building contractor, agree to build a house on this lot according to plans made by Jack E. Sears, an architect.

"This house is built for sale and the proceeds from sale should be disposed. of as follows:

"The amount of $2,500.00 should be paid to the first party for the lot, the amount of $500.00 will be paid to the second party for their supervision of the building, the remaining part of the proceeds, after covering the mechanics. lien of the Lingo Lumber Company, should be considered as profits from

1. All subsequent dates are 1950.

this transaction and equally divided between both parties in this agreement.

"Both parties have made the above agreement orally before the mechanics lien has been signed and are confirming same in writing herewith on this 18th day of January 1950."

This instrument was not recorded but constructive notice of Rouse's title (if any) is alleged to follow from the recording of a mechanic's lien made in pursuance to the above agreement which recited that Willie Rouse, Sr. and N. C. Kress own the property in fee simple.. Such lien was dated January 3 and was filed for record on January 11, and was recorded January 30 in the Mechanic's Lien Records of Dallas County.

Kress and Rouse further claimed that Kathryn Currin was not the agent of Kress but was in fact the agent of appellee Soules and that as such agent she, through her agent Mahaffey, had been repeatedly informed that Rouse had an interest in the property and that no trade or contract could be made without his consent and signature, and that this information had actually been imparted to Soules.

Appellant Martens defended Soules' suit on the ground that he was an innocent purchaser for value without notice, actual or constructive, of his contract with Kress and in any event it would be inequitable to decree specific performance because he, being married, bought the property as a home. Martens also filed a cross action for damages against Kress and Rouse in the event neither of the above pleas was sustained.

The inception of the rights, if any, of Martens in the property is a contract of sale dated July 20 and signed by Willie Rouse, *Jr.*, as seller and H. C. Martens as purchaser.

The Southern Trust and Mortgage Company, a defendant below, filed a general denial as its answer.

Kathryn Currin, realtor, intervened alleging she was the agent of Kress and was entitled to a commission for having procured the execution of the contract with Soules.

The trial was nonjury and resulted in this judgment.

Specific performance of the contract between Kress and Soules was decreed and the sum required to be paid by Soules established. A money judgment against Kress and Willie Rouse, Sr. was awarded Soules for $100 per month from August 1 until delivery of possession of the property as reasonable rental therefor.

Exemplary damages in the sum of $750 was awarded Soules against N. C. Kress and Willie Rouse, Sr.

Willie Rouse, Sr., was adjudged to have no interest in the property and the interest therein of Martens was declared subordinate and inferior to the rights of Soules.

The $13,000 mortgage held by the Southern Trust and Mortgage Company was decreed to be a valid first lien on the property.

Actual damages of $6,247.50 and exemplary damages of $1,500 was awarded Martens against N. C. Kress and Willie Rouse, Sr.

Intervenor Currin was awarded judgment against N. C. Kress for $875.

No findings of fact or conclusions of law were requested or filed.

Appellants Kress and Rouse have filed a joint brief and appellant Martens a separate brief. We will dispose of the points made by Kress and Rouse.

Their first point is that the court erred in granting specific performance. The reasons assigned are numerous, more than four pages of brief are required to state them. We will state the principal reasons and answer all.

The basic reasons assigned are that Rouse owned an interest in the property of which Soules had notice and since he has not conveyed or agreed to convey to Soules that specific performance against Kress alone would be ineffective; also that under the circumstances specific performance would be inequitable as to Martens.

The contract between Kress and Rouse, Sr., did not purport to be a conveyance of realty and there is no evidence before us that it was so intended. The agree-

ment evidences nothing more than a joint adventure of the parties, the interest of Rouse, Sr. being confined to a portion of the profits arising from a sale of the property. Rouse, Sr. had no interest in the land. Jowell v. Carnine, Tex.Civ.App., 32 S.W. 2d 511 (El Paso, C.C.A., writ ref.), Martin v. Morrison, Tex.Civ.App., 260 S.W. 893 (El Paso, C.C.A., writ dism. w. o. j.), Snover v. Jones, Tex.Civ.App., 172 S.W. 1122 (El Paso, C.C.A.).

This holding eliminates all questions as to the notice which Soules may or may not have received concerning the interest or title of Rouse, Sr.

We should say here, however, that the evidence is sufficient to sustain an implied finding that Currin, the realtor, was the agent of Kress. Kress testified that he listed the property for sale with her and he also signed the Soules' contract which recited that Kathryn Currin was the agent of Kress.

■ The inequities of the case as to Martens are predicated on the assumption that he was an innocent purchaser. Martens was not an innocent purchaser. He purchased pendente lite. His contract with Rouse, Jr. was of no consequence because Rouse, Jr. had no title.

■ The contention of Kress and Rouse that the judgment herein will require long supervision, to which equity is opposed, is overruled as being without factual basis.

■ Their objection that the judgment does not require Soules to perform his part of the contract is contrary to the terms of the judgment and the objection that time for such performance is not fixed is correct. A reasonable time will be read into the judgment and any controversy concerning the same will be determined by the trial court.

■ These appellants also suggest that the court was powerless to act on the property because the wife of Martens was not a party to the suit, the property being her homestead. There is no merit in this. Purchasers pendente lite need not be made parties in order to be bound by the judgment. 28 Tex.Jur. p. 341.

■ We have considered other contentions made under this point such as that the contract between Soules and Kress did not sufficiently describe the property and that Soules has not tendered performance on his part and they are overruled.

The description is adequate. Short of a metes and bounds description the one given in the contract is as full and complete as it could be.

■ Soules alleged that he had notified Kress " * * * that he had secured such a mortgage and was prepared to close the contract and consummate the sale, and demanded execution of the deed. * *" His testimony was of similar import. Under the circumstances of this case we hold that such pleading and evidence is tantamount to a tender of performance on the part of Soules.

Appellants Kress' and Rouse's second point complains of that portion of the judgment awarding Soules exemplary damages and damages for rent.

The main contentions made under this point are that this was not a suit for damages but for specific performance of a contract and that exemplary damages are not recoverable in such an action; also that fraud was not pleaded. Also that the rental value of the premises is not the proper measure of damages. As to appellant Rouse it is contended that he is not liable in any event for damages because he had no contractual relations with Soules.

■ Rental value of the property may be recovered by the purchaser in a suit for specific performance of a contract for the sale of real estate from the time that demand for specific performance and tender of purchase price is made. Slaughter v. Roark, Tex.Civ.App., 244 S.W.2d 698 (El Paso, C.C.A., writ ref., n. r. e.).

■ The damages suffered by Soules in the wrongful detention of his property furnishes a basis of actual damages sufficient to support a recovery of exemplary damages. Steinberg v. Morgan, Tex.Civ. App., 300 S.W. 253 (Amarillo, C.C.A.).

We will briefly summarize the facts which, in our opinion, are sufficient to jus-

tify the award of exemplary damages against both of these appellants.

Soules pleaded that prior to the execution of the deed to Martens that Kress and Soules, the grantors in such deed, had actual notice of his rights and demands. That Kress notified him that unless he was released from his contract that he, Kress, would cloud the title and involve him in lengthy litigation. It was also alleged that the actions of Kress and Rouse were in wanton disregard of Soules' rights and were malicious and wilful.

The evidence supports these pleadings. Kress and Rouse both were interested in an advantageous sale of this property. Kress listed the property with two brokers not advising them of the interest of Rouse and Rouse did the same thing. After the contract with Soules was made and $500 earnest money deposited with Kress' agent, the property was conveyed by Kress and Rouse to Martens. No attempt by either of them to protect the contractual rights of Soules was made. Instead he was badgered and threatened with lawsuits and a clouded title. Prior to the deed from Kress and Rouse to Martens, made pendente lite, Martens had no claim to the property. Both Kress and Rouse knew or should have known this. Yet Martens was preferred by them for the sale and for the only reason that he offered to pay $1,000 more for the property than Soules had contracted to pay.

The evidence further show that at the time and in the vicinity of this property houses for sale were scarce. That Soules was compelled to buy a more expensive place in a less convenient location, all because of the wrongful conduct of co-adventurers Kress and Rouse.

The financial interest of Kress and Rouse in the sale of the property and their acts and conduct in connection therewith are sufficient to sustain the judgment against them both as to rents and exemplary damages.

See Winn v. Warner, Tex.Civ.App., 199 S.W.2d 560 (Waco, C.C.A., writ ref., n. r. e.), holding that a wilful slander of title warrants an award of punitive damages.

This is not a case for simple breach of contract nor of an ordinary suit for specific performance of a contract. This suit is to enforce a contract which Kress and Rouse have attempted to avoid, evade and defeat by extraneous tortious acts and conduct. Even though such acts and conduct involve a breach of contract, exemplary damages are recoverable for their commission. Southwestern Gas & Electric Co. v. Stanley, 123 Tex. 157, 70 S.W.2d 413; Briggs v. Rodriquez, Tex. Civ.App., 236 S.W.2d 510 (San Antonio, C.C.A., writ ref., n. r. e.).

These appellants' fourth (last) point is that the court erred in awarding Martens exemplary damages against them. Several of the reasons for this asserted error are the same as have been discussed in affirming the award of exemplary damages to Soules. As to those assignments our ruling is the same as stated above. In addition it is urged that since Martens was charged with notice of the Soules' contract he is in no position to recover anything but actual damages. We do not agree.

Martens had no actual knowledge of the claim of Soules until he was served with process in this case. He had no attorney representing him and relied solely upon Kress and Rouse and their agents and the title insurance company for information concerning the title to this property.

The mistreatment of Martens by these appellants is as great if not greater than the mistreatment of Soules and in our opinion the award of exemplary damages was fully warranted.

The third point of these appellants is that the court erred in allowing intervenor Kathryn Currin to recover a real estate commission of $875 against N. C. Kress for effecting the sale to Soules.

This point is sustained. The contract in this respect provided only that Kress should pay intervenor Currin "the usual commission." This promise is insufficient to comply with Art. 6573a, Sec. 22, V.A.C.S., a statute governing suit

250

brought for the recovery of any commission for the sale or purchase of real estate. Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742.

The separate brief of Martens has been carefully examined and we find the points there made concerning the issue of specific performance to be so similar to those made by Kress and Rouse as not to require further discussion. They are overruled for the reasons hereinabove stated.

█ Appellee Soules has filed a motion to dismiss this appeal on the ground that there are several supersedeas bonds, each purporting to supersede different portions of the judgment, rather than one such bond. Whether this is proper practice or not we need not decide because in addition to the supersedeas bonds filed there was also filed a cost bond which vested this Court with jurisdiction of the appeal. The motion to dismiss is overruled.

Appellee Soules also filed a motion to strike the brief of appellants Kress and Rouse on the ground that it was not prepared in accordance with the briefing Rules. There are imperfections in the brief but not of such nature as to require rebriefing. The motion is overruled.

The judgment of the trial court is affirmed except as to intervenor Currin and the judgment in her favor is reversed and judgment here rendered that she take nothing by her intervention.

Costs of appeal are apportioned and adjudged: $20 against Kathryn Currin, the balance against Kress and Rouse.

Affirmed in part and in part reversed and rendered.

### On Motion for Rehearing by Appellants Kress and Rouse

Appellants say that we are in error in holding that Mr. and Mrs. Martens were purchasers pendente lite. They bought after the lis pendens notice was filed but before their vendors, Kress and Rouse, had been served with process. They cite Houston Chronicle Publishing Company v. Bergman, Tex.Civ.App., 128 S.W.2d 114 (Gal. C.C.A., writ dism., C.J.), Barker v. Temple

Lumber Co., 120 Tex. 244, 37 S.W.2d 721 and Gulf Oil Corp. v. State, Tex.Civ.App., 170 S.W.2d 798 (El Paso, C.C.A., no writ).

These cases were decided subsequent to 1927 when Article 6643, V.A.C.S., was amended to read:

"All such notices of pendency[1] shall be notice to all the world of their contents and that the suit or suits mentioned therein are pending, and such notices shall operate as soon as filed with the county clerk for record, as provided in this Chapter whether service has been had on the parties to said suit or not."

The provision that the notice was to be effective regardless of service was not in the former statute.

None of the cases cited by appellants refer to this Article.

The Barker case involved the effect of a deed made two days after a suit was filed on September 3, 1890. This was even before the original enactment of a lis pendens statute in 1905.

The Chronicle case involved the effect of a judgment in a trespass to try title case where "No lis pendens notice was ever filed in connection with such trespass to try title action". [128 S.W.2d 115.]

The Gulf case was a venue suit in which the question was whether a certain suit was "pending" when an amendatory law became effective. The Court said [170 S.W.2d 800]:

"Numerous authorities are cited sustaining the proposition that within the meaning of the lis pendens law, a suit is not regarded as pending until jurisdiction over the defendant has been obtained. Sustaining this perfectly sound proposition, numerous authorities are cited. 28 Tex.Jur. 325–326; Houston Chronicle Pub. Co. v. Bergman, Tex. Civ.App., 128 S.W.2d 114, writ dismissed.

"So widely variant is the purpose of a venue law and the law as to lis pendens, we think an analogy is not presented."

1. Lis pendens notice provided for in Art. 6640, V.A.C.S.

We do not believe that it can be fairly said that any of these cases failed to apply or misapplied Article 6643 or that they conflict with our decision here.

 In any event we apply Article 6643 and hold the Martens to be purchasers pendente lite even though their vendors had not been served with process in this suit when the sale was made.

The motion is overruled.